ZENT *v.* FUCHS.

(*Supreme Court, General Term, Fifth Department.* June 2, 1891.)

ADOPTION—CARE OF CHILD—ASSUMPSIT.

Plaintiff's intestate took charge of defendant's child with the intention of adopting it, but died before the adoption was legally consummated. Immediately after intestate's death, plaintiff, his widow, voluntarily surrendered the child to defendant, its father. There was never any agreement by which plaintiff was to receive compensation for the care of the child by her intestate. *Held*, that an action to recover such compensation on a *quantum meruit* could not be maintained in such case, and that a verdict for the plaintiff was contrary to the evidence, and properly set aside.

Appeal from Erie county court.

Action by Anna M. Zent, administratrix of Philip Zent, against John Fuchs. From an order setting aside a verdict for the plaintiff, and granting a new trial, plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*George W. Cothran*, for appellant. *Emery & Lickmon*, for respondent.

MACOMBER, J. This action is brought upon an alleged implied contract for the care and maintenance of the defendant's child by Philip Zent and his wife, Anna M. Zent, the latter being the plaintiff, from May 27, 1886, to May 9, 1888. The jury rendered a verdict for the plaintiff in the sum of $255. On motion made upon the minutes of the court, this verdict was set aside and a new trial granted. Though no opinion was written by the county

judge, it is apparent, from an inspection of the case, that the verdict was set aside solely upon the ground that it was against the weight of evidence. In this final conclusion of the learned county judge we concur. The plaintiff's husband, being childless, arranged with the defendant to adopt this child, and accordingly took it into his possession. It appears that it was the common purpose of the father of the child, and of the plaintiff and her husband, that such adoption should be made, and that formal papers should be prepared and 'presented to the court. and an effective and binding order be made in pursuance of such intention of the parties. Though the matter of formal preparation and execution of such papers was, from time to time, the subject of conversation between the parties, yet nothing was done in furtherance thereof. Immediately after the death of Philip Zent, the child was voluntarily surrendered by Mrs. Zent, the present plaintiff, to the defendant. This step on her part was a complete abandonment and cancellation of the original purpose of the parties, by mutual consent. No qualification was made of the original arrangement by which the plaintiff, as the representative of her husband, should receive any compensation for the care bestowed upon the child for the two years while it was in their possession. In the absence of such an agreement, we think no recovery could be had on a *quantum meruit* for such services. Undoubtedly the contention of the learned counsel for the appellant is correct, that if the defendant, when he surrendered the possession of the child to the plaintiff and her husband, did not, in fact, intend to clothe the latter with the legal custody of the child, and did not intend, as they expected him to do, to execute proper papers to accomplish such adoption, a right of recovery would be shown. But, under the facts disclosed in the case, there is not any evidence to warrant the jury in arriving at such a conclusion. The learned county judge, at the trial, distinctly charged the jury that no recovery could be had in the case, unless they were satisfied from the evidence that the intention on the part of the defendant was to get the Zents to take care of the child, and never himself to execute adoption papers. He further charged as follows: "If you can find from the evidence that that was in his mind, simply to get somebody to take care of the child, and not give him the papers, so that in the hereafter he could reclaim the child whenever he saw fit, then the law would compel him to pay for the taking care of the child; but if the fact that they did not get out adoption papers was a mere neglect on both sides, then the plaintiff here is not entitled to recover." This we deem to be an accurate presentation of the law of this case. But, as stated above, on a review of the testimony, it is quite apparent that there was not sufficient evidence to enable the jury to say that the defendant had in his mind, at the time of making the original arrangement, any purpose not to carry out the same fully, or that he resorted to this means to procure the support and maintenance of his child until such time as he should reclaim him. The order appealed from should be affirmed, with costs.